IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr204

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| DYRRLE GENE OSBORNE ) | |
| ) | |
| _____) | |

**THIS MATTER** is before the Court on the defendant's Motion to Strike Surplusage from the Superseding Bill of Indictment (Doc. No. 18) and the government's Response (Doc. No. 21). For the reasons stated below, the Court **DENIES** the defendant's motion.

I.  BACKGROUND

The defendant is charged with one count of converting to his own use money exceeding $1,000 in value belonging to the United States government, in violation of 18 U.S.C. § 641, and three counts of making false statements in a matter within the jurisdiction of an agency of the United States government, in violation of 18 U.S.C. § 1001.  (Doc. No. 10: Superseding Indictment). To obtain a conviction on the § 641 charge, the government will be required to show that the defendant knowingly received, concealed, or retained money belonging to the United States government, and acted with the intent to deprive the owner of its use. United States v. Gill, 193 F.3d 802, 803 n. 1 (4th Cir. 1999). To obtain a conviction on each of the § 1001 charges, the government will be required to show that the defendant wilfully made a material, false statement in a matter within the jurisdiction of a department or agency of the United States. United States v.

1

Ellis, No. 98-4150, 1999 WL 92568, at *12 (4th Cir. Feb. 22, 1999) (unpublished). The defendant complains that Paragraphs 1 through 9 of the Superseding Indictment in their entirety, as well as the term "spending spree" in Paragraphs 1 and 16, are inflammatory and unnecessary to state the charges.

II.   DISCUSSION

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment may allege the means by which a defendant committed an offense. Id. A court may strike surplusage from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). Although the term "surplusage" is not defined in the Rule 7, the Fourth Circuit has held that a court should only strike allegations where it is clear that they are not "relevant to the charge and are inflammatory and prejudicial. United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006). The test is conjunctive; thus, information that is prejudicial, yet relevant need not be struck, nor should information that is irrelevant but not prejudicial. United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006) (cited with approval in Williams, 445 F.3d at 733-34). Additionally, an instruction to the jury that the indictment is not evidence militates against unfair prejudice. Williams, 445 F.3d at 734; United States v. Marshall, 985 F.2d 901, 906 (7th Cir. 1993).

Here, the defendant's general objection to Paragraphs 1 through 9 is without merit. If true, the facts alleged in these Paragraphs would establish the elements of 18 U.S.C. §§ 641 and 1001. Accordingly, these allegations are relevant to the charges in Counts One through Four.

The defendant's objection to the term "spending spree" in Paragraphs 1 and 16 also fails. Although the government is not required to prove that the defendant went on a "spending spree,"

2

Count One requires the government to prove that the defendant knowingly converted money belonging to the United States. Evidence that money was spent may serve as proof of its conversion. See, e.g., United States v. Eaddy, Nos. 86-5611 and 86-5612, 1987 WL 38133, at *1 (4th Cir. Aug. 28, 1987) (unpublished). Moreover, evidence of reckless spending habits may suggest that the defendant knew he was spending money that did not belong to him. Thus, the allegation in Paragraphs 1 and 16 that the defendant went on a "spending spree" is relevant to Count One.

Finally, the Court intends to instruct the jury that an indictment is not evidence; therefore, there will be no prejudice to the defendant by the inclusion of the challenged language.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Strike Surplusage in the Superseding Bill of Indictment (Doc. No. 18) is **DENIED**.

Signed: February 18, 2010

Robert J. Conrad, Jr.
Chief United States District Judge